# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|  |  |
|---|---|
| STEVE RIDDICK, ) | CASE NO. 7:20CV00598 |
| Plaintiff, ) |  |
| v. ) | **MEMORANDUM OPINION** |
| ) |  |
| C/O GILBERT, *et al.*, ) | By: Hon. Thomas T. Cullen |
| Defendants. ) | United States District Judge |

Plaintiff Steve Riddick, a Virginia inmate proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials denied him due process related to a disciplinary charge. Riddick complied with the required filing prerequisites, *see* 28 U.S.C. § 1915(b), but upon review of the record, the court concludes that Riddick's complaint must be summarily dismissed without prejudice for failure to state a claim.

Liberally construed, Riddick alleges that on August 12, 2020, Defendant Correctional Officer J. Gilbert took legal papers related to two civil actions Riddick is pursuing in this court—Civil Action Nos. 7:20CV00081 and 7:20CV00096—from his cell door and read them.[1] When Riddick threatened to write a complaint against Gilbert for reading his legal papers, Riddick alleges that Gilbert wrote a "fabricated" disciplinary charge, reporting that Riddick had threatened bodily harm against him. (Compl. pg. 2 [ECF No. 1].) Riddick denies that he made any verbal threat against Gilbert.

---

[1] Riddick describes the papers as "legal copies." (Compl. pg. 1 [ECF No. 1].) He does not describe the contents of the documents, specifically, whether they were copies of pleadings filed in his cases or private correspondence with his attorneys.

On August 24, 2020, Defendant Disciplinary Hearing Officer Larry Mullens conducted a hearing on the disciplinary charge via telephone.[2] In preparation for the hearing, Riddick requested to review surveillance camera footage of the encounter with Gilbert. Mullens refused that request, finding that such video footage, with no audio, was not relevant to the disciplinary charge.[3] Based on Gilbert's testimony about the verbal threat of harm, Mullens found Riddick guilty of the charge and imposed a fine of $10.. On appeal, Defendant Warden Jeffrey Kiser upheld Mullens's findings.

In this § 1983 action, Riddick asserts that Gilbert violated his Sixth Amendment rights by reading his legal papers, and that he violated Riddick's due process rights by reporting a false disciplinary charge against Riddick "out of retaliation for what he read in [the] legal copies." *Id.* at 6. Riddick also claims that Mullens deprived him of due process during the disciplinary proceedings by conducting the hearing in the first place (since he was a defendant in one of in Riddick's prior lawsuits) and by refusing to view the video. Riddick sues Warden Kiser for upholding Mullens's disciplinary findings during the appeal. As relief, he seeks monetary damages.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The court must dismiss a prisoner's § 1983 action about prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a

---

[2] Mullens is a named defendant in Civil Action No. 7:20CV00096.

[3] Riddick asserts that the video footage would have contradicted Gilbert's statements that he did not read Riddick's legal mail and that Riddick became disruptive when Gilbert came to his cell, thus impeaching Gilbert's credibility as to the charged offense.

claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1).[4] To state an actionable claim, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As an initial matter, Riddick fails to demonstrate that Gilbert violated any constitutionally protected right by reading papers put outside his cell door. The constitutional provision that Riddick cites—the Sixth Amendment—"protect[s only] the attorney-client relationship from intrusion in the criminal setting." *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). Riddick's legal papers, related to a civil action concerning prison conditions and not the fact or length of his criminal sentence, are not protected by the Sixth Amendment. *Id.* Similarly, the First Amendment protection against censorship of an inmate's outgoing mail "is not equivalent to freedom from inspection or perusal." *Id.* Gilbert's alleged review of Riddick's legal papers also does not support a claim for denial of access to the court because Riddick fails to allege how Gilbert's activity caused any harm to his litigation efforts. *See Murray v. Keller*, No. 5:10-CT-3038-FL, 2011 WL 4443143, at *6 (E.D.N.C. Sept. 23, 2011) ("In order to state a claim for denial of access to the courts, the inmate must show actual injury or that a defendant's conduct hindered his efforts to pursue a legal claim.") (internal citations omitted); *Arehart v. Robinson*, No. 7:06-CV-00268, 2006 WL 1288316, at *2 (W.D. Va. May 5, 2006) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)) ("Where an inmate has had access to court, but alleges facts showing denial of some item necessary for meaningful pursuit of his litigation, . . .

---

[4] Dismissal is also permissible under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

. the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item.").

Moreover, Riddick fails to state facts supporting the necessary elements of a claim that Gilbert brought a charge against him in retaliation for the contents of the legal papers. To succeed on his First Amendment retaliation claim, Riddick "must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020) (citing *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017)). While Riddick's filing of the prior lawsuits was a protected First Amendment activity and a disciplinary charge is an adverse action, Riddick fails to provide facts to support the necessary causal link between the two events. Specifically, Riddick does not indicate what the papers were or how their contents pertained to Gilbert in any way. Riddick's conclusory assertion that Gilbert acted out of retaliation over the unspecified contents of the papers is not sufficient to satisfy the causation element of a § 1983 retaliation claim. *See Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (finding § 1983 retaliation claim was properly dismissed where plaintiff provided only conclusory assertion of retaliation with no facts to show why defendant retaliated against him).

Finally, Riddick's allegation that Gilbert wrote a "false" charge against him, without more, does not offend any constitutionally protected right. *Walker v. Clarke*, No. 7:19CV00743, 2020 WL 7378987, at *5–6 (W.D. Va. Dec. 15, 2020). Allegations of "false misbehavior reports and false testimony" alone, without more, fail to implicate a constitutionally protected interest. *Thomas v. Calero*, 824 F. Supp. 2d 488, 499 (S.D.N.Y. 2011); *see Cole v. Holloway*, 631 F. App'x

185, 186 (4th Cir. 2016) (acknowledging "the general legal proposition that a false disciplinary charge cannot serve as the basis for a constitutional claim"). Therefore, the court will summarily dismiss Riddick's claims against Gilbert.

Riddick's claims against Mullens also fail because a minimal disciplinary fine does not trigger the procedural protections of the Due Process Clause. *See Wall v. Rasnick*, No. 7:17CV00385, 2021 WL 1108603, at *4 (W.D. Va. Mar. 23, 2021). Where a prisoner's punishment for an institutional infraction does not cause his prison sentence to be enhanced, a federally protected liberty interest will generally only exist where the punishment "imposes atypical and significant hardship" compared to the normal incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). To perform the "atypical and significant" analysis, the court identifies the "ordinary incidents of prison life" for the particular inmate and then determines whether the alleged violation imposes an atypical and significant hardship in relation to those incidents. *See Prieto v. Clarke*, 780 F.3d 245, 252 (4th Cir. 2015). As this court has acknowledged on many occasions, small fines levied against a Virginia state prisoner do not impose such a hardship and therefore do not implicate the Due Process Clause. *See e.g., Bratcher v. Mathena*, No. 7:15CV00500, 2016 WL 4250500, at *1 (W.D. Va. Aug. 10, 2016); *Hewlett v. Goode*, No. 7:20-CV-00494, 2020 WL 6136849, at *2 n.2 (W.D. Va. Oct. 19, 2020) (collecting cases). Therefore, Riddick has not stated a viable § 1983 due process claim regarding the constitutionality of his disciplinary proceedings on the charge of threatening harm to an officer.

For the same reason, Mullens's denial of Riddick's requests to view video footage at his disciplinary hearing and Mullens's alleged bias as a hearing officer did not violate Riddick's

federally protected due process rights. As the court noted above, *de minimis* fines like the one imposed on Riddick do not implicate Due Process Clause procedural requirements. Therefore, Riddick has no constitutional claim regarding the hearing officer or his procedural rulings during disciplinary proceeding which resulted in only a fine.

Finally, Riddick has no actionable claim against Warden Kiser. For reasons already explained, he did not suffer any violation of constitutionally protected rights related to the disciplinary hearing. Therefore, Kiser's refusal to reverse the disciplinary findings on appeal could also has no constitutional significance.

Based on the foregoing, the court concludes that Riddick's claims in this case must be summarily dismissed without prejudice, pursuant to § 1997e(c)(1), for failure to state a claim upon which relief could be granted.

The clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to Plaintiff.

**ENTERED** this 2nd day of August, 2021.

>*/s/ Thomas T. Cullen*
>HON. THOMAS T. CULLEN
>UNITED STATES DISTRICT JUDGE